## Case No. 13,907.

### THOMAS v. PAGE et al.

[3 McLean, 369.] [1]

Circuit Court, D. Indiana. May Term, 1844.

NOTES—ASSIGNEE WITHOUT NOTICE—INDIANA STATUTE.

1. Where a promissory note is made, the consideration of which is to be defeated if certain bills of exchange shall not be paid in the hands of the assignee without notice, the nonpayment of the bills cannot be set up as a defence.

2. And this principle is not affected by the statute of Indiana, which provides that the maker of the note may set up any defence against the assignee which he could make against the payee.

3. The agreement between the original parties would be a fraud upon an innocent assignee.

[This was an action at law by Thomas against Page & Page.]

Mr. Cushing, for plaintiff.
Mr. Stevens, for defendant.

OPINION OF THE COURT. At a former term this cause was before the court on a demurrer [Case No. 13,906]. The action was brought on a note given by the defendants, dated 19th December, 1838, in which, "twelve months after date they promised to pay John Stevens two thousand three hundred sixteen dollars and thirty-three cents, for value received." Endorsed by the payee to the plaintiff. The defendants pleaded that the above note was executed in part consideration for two bills of exchange, drawn by Stevens on Lewis Evans, of Madison, Indiana, and accepted by him. And that by an agreement signed by the said Stevens, the above note "was not to be

considered as an obligation binding on them to pay, if the bills of Lewis Evans are not paid at maturity," &c. And they aver that Evans became insolvent and did not pay either of the bills of exchange, or any part of them. To this plea the plaintiff replied, that the said writing as a defeasance was made by Stevens, at the time the above note was executed, &c., to enable the said Stevens to dispose of the said promissory note to some bona fide holder, without notice, and with the intention of having the said writing set up against the note, &c. In their rejoinder the defendants deny the fraud, and aver that the transaction was bona fide, &c. On this issue was joined.

This note is made assignable by the statute, so that the assignee may bring the action in his own name, but the maker may set up in defence any matter which could be set up against the payee of the note. There was evidence conducing to show that the note sued on was created with a fraudulent intent. And the court instructed the jury, if they should find from the evidence that, at the time the note sued on was signed by the defendants, there was a fraudulent intent to enable the payee to assign the note for its value, to any one ignorant of the defeasance, they should find for the plaintiff. Or if they shall find that the plaintiff paid full value for the note without any knowledge of the consideration, and that this imposition was practised through the contrivance of the original parties to the note, that they should find for the plaintiff. That fraud is not to be presumed, but it may be proved by circumstances. And that the manner in which the obligation of the note was to be defeated was well calculated to impose upon an innocent assignee. The statute permits the defendants to make defence against the assignee, as against the original payee; but where persons mutually engage to defraud others, and if the note intended to be the instrument of the fraud comes into the hands of an innocent assignee, who pays value for it, the original fraud cannot be set up as a defence against the assignee. The jury found for the plaintiff the amount of the note and interest.